UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-401-H

BETH ANN LUCKETT                PLAINTIFF

V.

DF INVESTMENT GROUP, INC.            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Beth Ann Luckett is a former employee of Defendant DF Investment Group, Inc. ("DF Investment"). She was terminated in March 2012. She later sued, claiming she was discriminated against because of her age; DF Investment says it was simply downsizing and that there was no impermissible purpose behind her firing. In April 2014—when discovery was ongoing and scheduled to last for another five months—DF Investment filed a motion for summary judgment. DF Investment argued that summary judgment was appropriate because (1) it did not qualify for liability under the Age Discrimination Employment Act, and (2) Luckett had failed to state a claim upon which relief could be granted. The Court disagrees. For the following reasons, DF Investment's motion for summary judgment is denied.

I.

    The facts stated in the light most favorable to Plaintiff are as follows. Beth Ann Luckett, an Indiana resident, took employment with Defendant in November 2010. At the time, she was 55 years old. She was the Executive Assistant/Project Coordinator for Rick Merritt, the president of DF Development, LLC ("DF Development"). DF Investment, DF Development, and DF Property Management ("DF Property") are three different divisions of Denton Floyd. The divisions share office space on South Fourth Street in Louisville, Kentucky. They share

equipment; operate the same computer network; have a unified website; can be reached at the same email address extension; give all employees the same handbook, regardless of division; and during Luckett's firing all 40 to 50 employees across all divisions were on the same payroll administered by the same human resources manager. Moreover, one executive, Brandon Denton, helps manage both DF Development and DF Investment. Although Luckett technically worked for DF Development, Alyssa Weingartner, a former human resources manager for DF Investment, has explained that all divisions and employees were under the DF Investment umbrella. DF Development was not a separate company. In fact, DF Investment paid Luckett's wages. Her paystubs show her checks were made out by "DF Investment Group." Under her name, the paystubs list "DIGI"—short for DF Investment Group, Inc.—as her company and DF Development as her "department."

During Luckett's employment at DF Investment, the company began using Mac computers. Luckett asked Chris Thompson, DF Property's president, why they were switching to Macs. He told her that the company wanted to project a younger image. Luckett was never provided a new Mac—she was the only DF Development employee not to receive one.

Before Luckett was terminated in March 2012—when she was 57 years old—Weingartner told Luckett that she was about to lose her job. She was not given the chance to take a lower salary. Luckett had never received negative performance reviews. Indeed, she was repeatedly told that she was meeting or exceeding expectations and received three different pay raises in her time at DF Development. She was even told in writing that she was not being fired over poor performance. Luckett was told that the company was downsizing and could no longer afford her $1,920.20 biweekly salary. Her replacement, Shawn Willoughby, was hired—despite the company's supposed downsizing—before Luckett was terminated. Willoughby, a 38 year-

old female, became the Executive Assistant to Rick Merritt—Luckett's old role—for a $1,730.77 biweekly salary. According to Luckett, in late March Weingartner told Luckett that Weingartner knew why Willoughby was hired: it was because Willoughby was "young and pretty." Weingartner gave Luckett the contact information for the Equal Employment Opportunity Commission ("EEOC") and told Luckett that she could use Weingartner as a referral.

Luckett filed this lawsuit in April 2013. She alleges termination in violation of the Age Discrimination and Employment Act, as amended, 29 U.S.C. §§ 621 *et seq.*, and the Kentucky Civil Rights Act, KRS § 344.040. She seeks reinstatement to her former position, as well as the salary and seniority level she would have had but-for her firing. In the alternative, she seeks front pay in lieu of reinstatement. She also seeks lost wages and benefits, liquidated damages for the ADEA violation, pre- and post-judgment interest, and costs and attorneys' fees.

II.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). The Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Viewing this case in the light most favorable to Luckett, the non-movant, and drawing all reasonable inferences in her favor, the Court concludes that genuine issues of material fact exist and denies DF Investment's motion for summary judgment. *See Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

III.

DF Investment contends that summary judgment is appropriate because Luckett's claims cannot pass muster under the ADEA. To fall within the ADEA's scope, an employer must have twenty or more employees for each working day in the given statutory period. 29 U.S.C. § 630(b) (2012). This is called "the small firm exemption." *See* Richard Carlson, *The Small Firm Exemption and the Single Employer Doctrine in Employment Discrimination Law*, ST. JOHN'S L. REV., 1197, 1197-98 (2006). If a firm hires "as many as nineteen, but no more, it can terminate and refuse to hire anyone over the age of forty." *Id*. at 1197. Congress has exempted these small firms on the fear that the burden of compliance might otherwise overwhelm them. *Id*. at 1198. DF Investment claims it cannot be liable under the ADEA since Luckett worked for DF Development and, at all relevant times, DF Development had fewer than twenty employees. DF Investment maintains that DF Development had only seven employees in March 2012, when Luckett was terminated. It further states that during its "right-sizing," four employees—including Luckett—were let go. It now has three employees. Thus, DF Development on its own would be exempt from liability under the ADEA. *See* 29 U.S.C. § 630(b).

The Court believes, however, that it must more carefully consider how the "single employer" or "joint enterprise" doctrine may apply here. *See* Carlson, *The Small Firm Exemption*, ST. JOHN'S L. REV. at 1201. This doctrine may apply to corporations small enough to be exempt under the ADEA, but are sometimes swept back under the law's coverage. The single employer doctrine might apply where "one corporation owns another, or where two or more corporations are owned by another entity, individual, or group of individuals." *Id*. It may also apply if plaintiffs can "prove that the affiliated corporations also operate to some degree as a single enterprise, such as by pursuing the same business, serving each other, and sharing

common management and resources . . . ." *Id*. If the requirements for the single employer doctrine are met, "then all the employees of the multi-corporate enterprise count toward the threshold for employer coverage, frequently with the result that none of the affiliated firms is exempt, no matter how small its own workforce." *Id*.

The Sixth Circuit utilizes the doctrine in employment discrimination cases where there is "sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer." *Armbruster v. Quinn*, 711 F.2d 1332, 1337 (6th Cir. 1983), abrogated on other grounds by *Arbaugh v. Y&H, Corp.*, 546 U.S. 500 (2006). It adopted a four factor test for applying the single employer doctrine: (1) the interrelation of operations, including common offices, record keeping, and shared bank accounts and equipment; (2) common management; (3) centralized control over employees and labor relations; and (4) common ownership and financial control. *York v. Tennessee Crushed Stone Ass'n*, 684 F.2d 360, 362 (6th Cir. 1982). Single employer status can be satisfied with as much as a "high[] intergrat[ion] . . . [of] ownership and operations" or as little as participation that "'is sufficient and necessary to the total employment process' even absent 'total control or ultimate authority over hiring decisions.'" *Armbruster*, 711 F.2d at 1338 (citations omitted).

To the Court, it appears that DF Investment and DF Development are sufficiently integrated as to qualify as a single employer or joint enterprise. Indeed, it appears that all four Sixth Circuit factors are present here. First, their operations are interrelated. DF Investment and DF Development share office space on South Fourth Street in Louisville. They also share equipment, a computer network, and an email extension. All employees, regardless of division, are given the same employee handbook. And all employees, from all divisions, were on the

same payroll during Luckett's employment. Second, they are under common management. At least one executive, Brandon Denton, helps manage both DF Investment and DF Development. Third, DF Investment centrally controls employees and labor relations. Again, all employees across all divisions were given the same employee handbook. Weingartner, the former H.R. manager, was responsible for all employees across all divisions. Luckett, even though she worked for DF Development, was nevertheless paid by DF Investment. Finally, they share common ownership and financial control. This is evident from both the unified payroll and from Weingartner's comments that all the divisions operated under the Denton Floyd umbrella. As she said, DF Development was *not* a separate company from DF Investment.

Based on this analysis, it is appropriate to treat these divisions as a single employer or joint enterprise. Although Luckett worked for DF Development, the Court will consider each division's employment numbers together, which amounts to between 40 and 50 employees at all relevant times. Therefore, the Court denies summary judgment based solely on the number of DF Development employees.

IV.

DF Investment also seeks summary judgment on the grounds that Luckett has failed to make a proper age claim. In ADEA cases the plaintiff must show age motivated an employer's adverse actions. *Blizzard v. Marion Technical College*, 698 F.3d 275, 282-83 (6th Cir. 2012) (citations omitted). Plaintiff can meet this burden with either direct or circumstantial evidence. *Id*. at 283. When a plaintiff uses circumstantial evidence, however, the claim will be analyzed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id*. Under that framework, a plaintiff must establish a *prima facie* case, but then the defendant has the opportunity to "'articulate some legitimate, nondiscriminatory reason'

6

for termination." *Id*. (citing *McDonnell Douglas*, 411 U.S. at 802). If the defendant meets that burden, the burden shifts again to the plaintiff to demonstrate that the legitimate reason proffered by the defendant was mere pretext. *Id*. (citing *Sutherland v. Michigan Dep't. of Treasury*, 344 F.3d 603, 615 (6th Cir. 2003)).

A.

To establish a *prima facie* ADEA case, "a plaintiff must show: '(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination.'" *Id*. (citation omitted). Luckett met the first prong since she was terminated at 57—the protected class under the ADEA is workers over 40. *See* 29 U.S.C. § 631. She was qualified for her job: She never received negative performance evaluations and, in fact, received three pay raises during her time at DF Investment. Besides, she was told in writing that her termination was not performance-based. As well, she suffered an adverse employment action—she was fired.

Finally, she has alleged enough to support an inference of age discrimination. Luckett's replacement, Willoughby, was 38 at the time she was hired, a 19 year difference from Luckett. The Sixth Circuit has ruled that, absent direct proof of discrimination, the replacement of an employee by a *significantly* younger individual supports the inference of discrimination. *Id*. at 284 (citing *Grosjean v. First Energy Corp.*, 349 F.3d 332, 336 (6th Cir. 2003)). And the Sixth Circuit considers an age difference of ten years or more between a terminated employee and her replacement "significant" for inferring age discrimination. *Id.* Under Sixth Circuit precedent, this evidence is enough to establish a *prima facie* case.

B.

DF Investment asserts that it fired Luckett because the company was downsizing and could no longer afford her salary. Facially, this is a legitimate non-discriminatory reason for termination. Luckett's burden, therefore, is to show that this proffered reason is pretext by producing "'sufficient evidence from which a jury could reasonably reject [the employer's] explanation for why it fired her.'" *Id.* at 285 (citing *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009)). Pretext requires a showing that (1) there was no basis in fact for the proffered reason, (2) that the proffered reasons were not the real motivation behind the firing, or (3) that the proffered reasons were insufficient to justify the firing. *Id*. (citation omitted).

Luckett has put forth enough evidence to suggest that she was not actually "downsized," but was instead replaced. While the term "downsize" typically refers to a company reducing its workforce, Luckett was fired and immediately replaced. In fact, her replacement was hired *before* Luckett's employment ended. Her replacement, Willoughby, was hired to do virtually the same duties that Luckett had, only Willoughby did them for less money. Luckett was never given the opportunity to take a pay cut and keep her job. All things considered, enough factual support exists for Luckett to make a *prima facie* case and to rebut DF Investment's non-discriminatory rationale for her firing. Summary judgment is therefore inappropriate.

V.

This motion's timing is also noteworthy. DF Investment moved for summary judgment when there were still five months left of discovery. At the time, there was not enough discovery for a dispositive showing that there were no genuine issues of material fact. Luckett alleged enough to establish a *prima facie* case. And she sufficiently argued that DF Investment's proffered rationale was mere pretext. There was not enough information, however, for this Court

to conclude on summary judgment that Luckett's claims were false and her firing was due to non-discriminatory downsizing. Perhaps the end of discovery will alter the calculus. But, for now, this Court simply cannot conclude that no genuine issue of material fact exists.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

cc: Counsel of Record